UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN MAURICE STEPHENSON,

    Defendant.
_____/

Case No. 1:10-mj-630

Hon. Hugh W. Brenneman, Jr.

**ORDER OF COMMITMENT FOR MENTAL EXAMINATION**

Defendant has filed a motion for a psychological evaluation and treatment pursuant to 18 U.S.C. §§ 4241 and 4242. (Motion and Brief, docket nos. 8 and 9.) The government has responded, noting its concurrence in the motion, but requesting that the court craft any order granting the motion so as to take account of the recent decisions in *United States v. Tinklenburg,* 579 F.3d 589 (6th Cir. 2009) and *United States v. Turner,* 602 F.3d 778 (6th Cir. 2010). (Gov't Response, docket no. 10.)

In his written motion, and orally on the record in court on July 9, 2010, counsel for defendant notes that he has met with defendant at length, as has a defense investigator, and that he has an acute concern, based on Mr. Stephenson's mental status, regarding his client's ability to understand the legal process and to participate in his own defense. The Pretrial Services Report notes that defendant has a history of diagnosed mental health issues, including two previous determinations in 1997 that he was mentally incompetent for trial proceedings. To some extent his condition in the past has been relieved by the use of anti-psychotic medication.

Also on the record on July 9, government counsel noted that matters related to him by the investigating U.S. Secret Service and FBI agents about their previous contacts with defendant had caused him to question defendant's present legal competence.

Finally, the court also had the opportunity to observe and speak with the defendant at his initial appearance on July 7, 2010, and shares the concerns of counsel based on that observation alone.

Accordingly, the motion is **GRANTED.** The court finds that there are reasonable grounds to believe that defendant may be suffering from a mental disease or defect that renders him incompetent to the extent that he is unable to understand the nature and consequences of the proceedings, and to assist properly in his defense. Further, in light of the short period of time between the date of the alleged offense and the present, the court will also order that, as requested by defendant, he be evaluated to determine whether he was insane at the time of the offense. Therefore, pursuant to 18 U.S.C. §§ 4241, 4242 and 4247, defendant is hereby ordered committed to the custody of the Attorney General of the United States for placement in a suitable facility for the purpose of having psychiatric or psychological examinations conducted by a licensed or certified psychiatrist or psychologist of that facility, pursuant to § 4241 and 4242.

Upon being advised by the Attorney General of the facility to which defendant has been designated, the United States Marshals Services is directed to promptly inform the court, at which time the court will issue an order directing the United States Marshals Service to transport the defendant to the designated facility.

1. Said commitment shall be for a reasonable period not to exceed forty-five (45) days, to commence when defendant arrives at the facility, unless otherwise extended by the court

upon a showing of good cause that additional time is necessary for observation and evaluation of the defendant, in which case the court will grant an extension of time not to exceed thirty (30) days. 18 U.S.C. § 4247(b).

    2. The receiving facility and doctor in whose primary care the defendant is placed shall file a written report with this court as soon as practicable with copies to counsel for the government and the defendant, said report to include:

    A.    Defendant's history and present symptoms;

    B.    A description of psychiatric, psychological and medical tests that were employed and their results;

    C.    The examiner's findings; and

    D.    The examiner's opinions as to diagnosis, prognosis, and

        1.    Whether defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

        2.    Whether defendant suffered from such mental disease or defect which rendered him insane at the time of the offenses which he is charged.

    3. The defendant may be given any necessary medication as deemed appropriate by the medical staff at the facility.

    4. The psychiatrist(s)/psychologist(s) shall have access to any Pretrial Services Reports completed on the defendant in the instant case.

5. The psychiatrist(s)/psychologist(s) shall be allowed access to all available medical records on the defendant; and

6. When defendant's examination is concluded and the examining facility deems defendant ready to return to this district, the representative of that facility shall so advise both this court and the United States Marshals Service, after which this court shall order defendant transported to this district by the United States Marshals Service.

7. A hearing on the question of the defendant's competency to stand trial will be held in abeyance pending the return of the defendant and a report on his mental condition from the facility to which he is assigned.

8. Upon receipt of the report, a hearing shall be scheduled in accordance with the provisions of § 4247(d) to determine the competency of the defendant and his ability to properly assist in his defense and to understand the nature and consequences of the proceedings against him. 18 U.S.C. § 4241(a).

9. The names, addresses and telephone numbers of defendant's counsel, government's counsel, and probation officer are as follows:

> David Kaczor, Assistant Federal Defender
> Federal Public Defender's Office
> 50 Louis Street, NW - Suite 500
> Grand Rapids, MI 49503
> (616) 742-7420
>
> Hagen W. Frank, Assistant United States Attorney
> U.S. Attorney's Office
> Western District of Michigan
> 330 Ionia Ave., NW
> Grand Rapids, MI 49503
> (616) 456-2404

Sheila Osborn, U.S. Probation and Pretrial Services Officer
Gerald R. Ford Federal Building
110 Michigan Street, NW
Grand Rapids, MI  49503
(616) 456-2077

10. The period of time until the issue of defendant's competency is taken under advisement after receipt by the court for the results of the psychiatric and/or psychological examination of defendant and completion of any hearing on that issue shall be excusable time for the purposes of The Speedy Trial Act, 18 U.S.C. § 3161(h)(1), subject to current Sixth Circuit law.

**IT IS SO ORDERED.**

Dated:  July 9, 2010                                             /s/ Hugh W. Brenneman, Jr.
                                                                              HUGH W. BRENNEMAN, JR.
                                                                              United States Magistrate Judge